## THE JUGOSLAVIA.

District Court, E. D. Louisiana, New Orleans Division. July 20, 1927.

No. 18827.

1. **Intoxicating liquors ⊜247—Vehicle is subject to forfeiture under Prohibition Act only when found in use in illegal transportation (National Prohibition Act, tit. 2, § 26 [27 U. S. C. A. § 40]).**

Provision of National Prohibition Act, tit. 2, § 26 (27 U. S. C. A. § 40 [Comp. St. § 10138½mm]), respecting forfeiture of vehicles, applies only when same officer or agent discovers the vehicle in use in illegal transportation of liquor.

2. **United States ⊜40—Public officer can only bind government by acts within just exercise of official powers.**

A public officer can only bind the government by acts within the just exercise of his official powers.

3. **Estoppel ⊜62(2)—Prohibition agent's mistake cannot estop government from enforcing its legal rights.**

That a prohibition agent acted under a mistaken belief as to the law applicable cannot estop the government from enforcing its legal rights.

4. **Estoppel ⊜62(2)—Mistaken action of prohibition authorities held not to estop United States from proceeding for forfeiture of boat as used for concealment of liquors to evade tax thereon (National Prohibition Act. tit. 2, § 26 [27 U. S. C. A. § 40]; 26 U. S. C. A. §§ 1181, 1182).**

A boat was seized by the Coast Guard when found hidden and loaded with taxable liquor, with no one on board. When the owner appeared as claimant of the boat, the prohibition authorities accepted bond under National Prohibition Act, tit. 2, § 26 (27 U. S. C. A. § 40 [Comp. St. § 10138½mm]), and an agent caused his arrest for illegal transportation, which charge was not prosecuted. *Held*, that such acts did not estop the government from proceeding under Rev. St. § 3450 (26 U. S. C. A. §§ 1181, 1182 [Comp. St. § 6352]), for forfeiture of the boat as used for concealment of taxable merchandise with intent to defraud the United States of the tax.

Forfeiture Information. Proceeding by the United States for forfeiture of the gas screw boat Jugoslavia. Decree of forfeiture.

Edmond E. Talbot, Asst. U. S. Atty., of New Orleans, La.

Joseph A. McCaleb, of New Orleans, La., for claimant.

BURNS, District Judge. The libel of information for forfeiture in this case alleges the seizure of the gas screw vessel Jugoslavia by an officer of the Coast Guard service on August 16, 1926, on navigable waters within this district; that thereafter the collector of customs delivered her to the Prohibition Administrator, who made executive seizure under section 3450 of the Revised Statutes (26 U. S. C. A. §§ 1181, 1182 [Comp. St. § 6352]), on June 27, 1927; that when originally seized the vessel was concealed in a clump of willows on the Mississippi river, covered with tarpaulins and laden with a cargo of liquor and alcohol, which constituted goods or commodities subject to tax by the United States, and upon which the taxes had not been paid; that there was nobody on board the vessel when she was found; that this concealment of such taxable merchandise was in violation of section 3450, R. S., and therefore the vessel is subject to forfeiture. Process issued in due course, and the vessel was seized.

One Mato (or Matthew) J. Bilich, as claimant and owner, appears through counsel and files an exception or demurrer, setting up various special defenses, principal among which is the one to the effect that the vessel was actually seized under section 26 of title 2 of the National Prohibition Act (27 U. S. C. A. § 40 [Comp. St. § 10138½mm]); that it was released to him under the authority of that act upon his filing the required statutory bond, whilst he was personally arrested and charged by complaint before the United States commissioner with unlawfully transporting intoxicating liquor under the National Prohibition Act. His contention is that, having elected to proceed under the Prohibition Act by the seizure of the vessel under section 26, and by the commencement of a criminal prosecution for the transportation of liquor, the government is estopped from now attempting a forfeiture under R. S. § 3450.

The case is submitted upon a stipulation

of facts, including an admission by the claimant owner that the alcohol and liquor was subject to a tax by the United States, which had not been paid. The stipulation concludes: "That the sole question for decision in this case is the determination of whether or not the United States had, by the action taken by the prohibition authorities, in bonding the boat under section 26 and the arrest of Matthew J. Bilich, charging him with a violation of the Prohibition Law, elected its remedy in the premises under section 26, and was thereby cut off from forfeiting the vessel under section 3450, R. S. of the United States."

Claimant cites the following cases and authorities supporting his various contentions:

Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 143, refers specifically to the concurring opinion of Justices Butler and Stone to the effect that the prohibition officer has no more right to ignore one command of section 26 of the National Prohibition Act than the other; that the law, and not the officers, makes the election. The opinion, however, is not exactly in point here, since the person in charge of the vehicle in that case was actually convicted, and the court held that the forfeiture of the vehicle became mandatory thereby, under section 26, and that this was inconsistent with any resort to proceedings under R. S. § 3450.

The theory of election suggested in The Spray (D. C.) 6 F.(2d) 414, is not persuasive. The actual point decided was that the innocent owner of the vessel could not be deprived of the right to recover it from seizure under section 26, where the offenders had already been convicted for the transportation under the National Prohibition Act.

United States v. Milstone, 55 App. D. C. 356, 6 F.(2d) 481, distinguishes between the purpose of section 26 and of section 3450, R. S., and concludes that Congress could not have intended to leave section 26 practically without force, for the reason that in every case of illegal transportation the government could proceed under section 3450, and deprive innocent owners of the benefit of the right accorded by section 26. In that case the offending person who transported the liquor was known and available for prosecution, but the opinion does not seem to rest upon this ground. It seems somewhat inconclusive, except that it recognizes the election of remedies feature of the Willis Campbell Act. Section 5, c. 134, Act of November 23, 1921 (42 Stat. 222, 223), being 27 U. S. C. A. § 3, 53 (Comp. St. § 10138⅘c).

The Squanto (C. C. A.) 13 F.(2d) 548, is

to the effect that the taxable merchandise and goods, contemplated by R. S. § 3450, must be such as are produced within the boundaries of the United States. This is a negligible consideration in the instant case, because the stipulation admits that the liquor and alcohol found on board the Jugoslavia was subject to tax.

In Commercial Credit Corporation v. United States, 17 F.(2d) 483 (9 C. C. A.), where the facts were identical with Port Gardner Investment Co. v. U. S., supra, that decision was followed. In a different case of the same title, 17 F.(2d) 902, where a conviction of an offender was for unlawful possession of liquor, the same court declared it felt constrained to hold that the Port Gardner Investment Co. decision, supra, was not to be given application, since there was no prosecution with effect of the charge of transportation.

The district attorney cites:

Carroll v. United States, 267 U. S. 155, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, to the effect that section 26 was intended to reach and destroy the forbidden liquor in transportation, and the provisions for forfeiture of the vehicle and the arrest of the transporter were incidental.

United States v. Story, 294 F. 520 (5th C. C. A.) holds that: "The aim of section 26 was to provide a summary method of disposing of vehicles, in the cause in which the guilt of the owner was established by conviction, and in cases where that was possible. It cannot embrace all cases and is therefore cumulative, not exclusive. U. S. v. One Stephens Automobile (D. C.) [D. C.] 272 F. 188."

In National Surety Co. v. United States, 17 F.(2d) 372 (9 C. C. A.), the forfeiture of the vehicle under R. S. § 3450, was sustained, because the transporter was never prosecuted or convicted for the transportation of the liquor. The court followed U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; and Port Gardner Investment Co. v. U. S., supra.

In United States v. One Fageol Truck (C. C. A.) 17 F.(2d) 373, under the same state of facts, the court likewise followed those two decisions. Collateral Investment Co. v. United States (C. C. A.) 17 F.(2d) 374, is to the same effect. "The driver of the truck was prosecuted with effect."

[1] In my view, independent of these judicial decisions, section 26, by its opening sentence, restricts its application to cases when "any officer of the law shall discover any person in the act of transporting." When, therefore, no person is so discovered in such act,

the section has no application whatever. It seems pertinent to add that, even where the transporter was discovered otherwise, or convicted upon say the testimony of persons other than officers, or upon some circumstantial evidence, the section would not apply.

In the light of these decisions, and under the stipulation of facts submitted, I conclude that, since no officer of the law, contemplated by section 26 of the act, discovered any person in the act of transporting, in violation of law, intoxicating liquors in this water craft there was no seizure made under section 26, and no proceeding under it could be legally had for the forfeiture of the water craft; that, since there was no such person to be prosecuted for transportation, the vessel became subject to forfeiture under R. S. § 3450.

[2, 3] The fact that the claimant owner was arrested upon a warrant sworn to by the prohibition agent, to whom he applied for the release of his vessel, is a mistake of an officer, which is not binding on the government, and cannot prevent the orderly enforcement of its rights under the law. It is the law in force at the time that governs. It is true that the maxim "Rex non potest peccare" is not recognized in this republic (Langford v. U. S., 101 U. S. 341, 25 L. Ed. 1010), and it stands upon the same footing as the most humble litigant in its own courts. It is also true, however, that a public officer can only bind the government by acts which come within the just exercise of his official powers, and the public or government is not bound until all officers who are to participate have performed their respective functions. Hunter v. U. S., 5 Pet. 176, 8 L. Ed. 86; Anthony v. County of Jasper, 101 U. S. 693, 698, 25 L. Ed. 1005; Wayman v. Southard, 10 Wheat. 125, 6 L. Ed. 253.

[4] The fact that the term of court in which that affidavit was made, and several other terms since, have expired, is strongly persuasive that there was no evidence of the claimant's guilt to be presented upon a sworn information or indictment. The prohibition officers are mere administrative or executive agents, acting under the Commissioner of Internal Revenue. Their mistaken interpretation of laws has no effect in judicial proceedings which they have no authority to initiate, prosecute, or defend. Under R. S. § 771 (28 U. S. C. A. § 485 [Comp. St. § 1296]), the United States attorney alone has control over criminal prosecutions. In the case of United States v. Woody (D. C.) 2 F.(2d) 262, Judge Bourquin aptly defined the authority, power, and duty of the United States attorneys, citing in support of his ruling the Supreme Court in the Confiscation Cases, 7 Wall. 459, 19 L. Ed. 196.

The record here discloses little more than the usual preliminary efforts of subordinate administrative officers to function within the field of their particular activities. The Coast Guard boatswain who made the seizure turned the seized vessel over to the collector of customs, who personally found no indication of a violation of the customs revenue laws, and delivered the vessel over to the Prohibition Administrator. His subordinates seem to have functioned variously in the premises. When the claimant appeared in the prohibition office, representing himself as the owner, one subordinate agent allowed him to bond the vessel according to a provision in section 26 of the Prohibition Act. Another subordinate agent, seized probably with an inspiration arising out of his zeal for the good of the service, upon no evidence except the claimant's assertion of ownership, swore out a warrant and had the claimant arrested before the United States commissioner, charging him with the possession and transportation of intoxicating liquor in violation of the Prohibition Act. After all of these preliminary skirmishings, when probably none of them could think of other means to confound the confusion, the case was passed on to the district attorney, with no more information as to the facts in the case than was apparent to the Coast Guard boatswain on the day of the seizure.

However, my conclusion is that the district attorney alone is authorized by the government to represent it in judicial proceedings, and he is not bound by the acts of administrative officers with reference to such matters as are entirely intrusted to his judgment and discretion by law.

A decree of forfeiture may be entered accordingly.