## THE DEPENDENT.

District Court, E. D. Louisiana. February 29, 1928.

No. 17733.

1. **Internal revenue ⬅➡46—Intoxicating liquors ⬅➡247—Liquor on which tax was unpaid, concealed in barrels on common carrier, held subject to forfeiture (26 USCA §§ 1181, 1182, National Prohibition Act [27 USCA]).**

Where liquor on which tax had not been paid was found concealed and deposited in barrels on launch engaged as common carrier, such articles are subject to forfeiture, under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), there being implication of intent to defraud government, as well as to violate law by possession and transportation, under National Prohibition Act (27 USCA).

2. **Internal revenue ⬅➡46—Vessel engaged as common carrier held not subject to forfeiture for transporting liquor on which tax was unpaid, in absence of owner's intent to defraud government (26 USCA §§ 1181, 1182).**

Vessel engaged as common carrier *held* not subject to forfeiture, under Rev. St. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), because liquor on which tax was not paid was found concealed and deposited in barrels, while being shipped on such vessel, since intent of those owning vessel to defraud government of tax is necessary.

Forfeiture Libel. Proceeding by the United States against the gas launch Dependent. Decree for respondent.

Edmond E. Talbot, Asst. U. S. Atty., of New Orleans, La.

John St. Paul, of New Orleans, La., for respondent and claimant.

BURNS, District Judge. The libel of information alleges a cause of forfeiture under R. S. § 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352), against the gas launch Dependent, her tackle, apparel, and furniture, and against all persons claiming an interest therein, substantially for that one J. B. Matthews, a national prohibition agent, authorized under the National Prohibition Act (27 USCA) and all cognate internal revenue laws, on October 2, 1924, did seize the vessel while she lay afloat in the Mississippi

river at New Orleans, claiming her forfeit because at and before that time the launch was, by one John M. Anticich, used in the removal, and for the deposit and concealment, of 54 gallons of whisky, 30 gallons of wine, and 15 gallons of beer, more or less, with intent to defraud the United States of the tax thereon, in respect whereof a tax had been and was imposed by the laws of the United States, which tax had not been paid, contrary to section 3450, United States Revised Statutes.

The libel was filed October 7, 1924, but the cause was not pressed to a hearing until January 27, 1928, primarily because the application of that statute to the facts was in doubt, and several cases were pending in the Supreme Court, in which the doubt was expected to be removed by its decisions.

The government now relies on the decision in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, which decides, inter alia, that no implied repeal of section 3450, R. S., results from section 5 of the Willis-Campbell Act of November 23, 1921 (27 USCA §§ 3, 53, 54), because of a mere inconsistency between the two acts, and that section 26 of the National Prohibition Act (27 USCA § 40), in its relation to forfeiture of vehicles, applies only to cases incidental to prosecutions of persons for transportation of liquor, and does not protect innocent persons whose vehicles are forfeited under R. S. § 3450.

The government contention is that the intent to defraud the government of a tax was positively established by the fact that the liquor "concealed and deposited aboard the Dependent did not bear any tax-paid internal revenue stamps," and that therefore it follows that no tax was paid—citing Commercial Credit Corporation v. U. S., 18 F. (2d) 927 (2d C. C. A.), and Commercial Credit Co. v. U. S., 17 F.(2d) 902 (9th C. C. A.). Its further contention is that even a vehicle belonging to an innocent owner is liable to forfeiture for proper cause under section 3450. I have so decided in The Dante (D. C.) 17 F.(2d) 305, where the vessel was not a common carrier, following a well-established trend of decisions, including the familiar Goldsmith-Grant Co. v. U. S. decision, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

This case presents precisely the point reserved in the Goldsmith-Grant Case by the Supreme Court for its future decision. The evidence shows here, however, that the Dependent is and was engaged for a number of years in the coast trade between New Or-

leans and Boothville, La., and all points between on the lower Mississippi, carrying passengers and freight for hire, as a bona fide common carrier by water, being owned by the Buras Transportation Company, a Louisiana corporation, appearing herein as claimant owner; that the John M. Anticich charged with the offense described in the libel as operator of the vessel removing, concealing, and depositing untax-paid liquor therein is one of the stockholders and officers of that small, but legitimate, corporation, several of whose stockholders are practical river men engaged in the operation of this and similar small packets belonging to the company; that the liquor was contained in bottles packed in barrels fastened with sacks for heading, which packages simulate those commonly handled in that trade, containing vegetables, hides, pelts, empty bottles, and miscellaneous freight; that customary bills of lading had been issued for these packages at the two river landings where they were shipped, as appeared from the entry on the stubs of the bill of lading book kept by the boat clerk, where they were described as containing merchandise, under what were probably fictitious names given by the shippers; that these barrels, so packed, were openly exposed on the deck of the packet along with other freight; that they were intact when the boat landed at its regularly assigned berth in New Orleans, where the prohibition agents boarded it, except that one barrel had been broached and one dozen bottles of whisky removed therefrom.

Upon further search these were found in an unidentified suit case in the passenger compartment at, in, or near the clerk's compartment, there being some conflict as to the exact place where it was found, and no evidence to show how or by whom this was done; that the prohibition agents had boarded the vessel by arrangement with a customs officer (a Mr. Dedeaux), who owned stock in the owner corporation, upon information furnished by a former engineer of the vessel, who had just before been discharged for drunkenness, so that they went directly to these packages, finding them on the open deck of the boat, as described by him in advance; that, moreover, although the identity and character of the boat, and of the owner corporation, and of the precise character and amount of the shipment, and the fact of transportation to New Orleans, was known to the arresting officers in advance, with the transportation occurring in their presence, they made no charge of transportation in violation of section 26 of the Na-

tional Prohibition Act against either the John M. Anticich named in this libel, or the owner corporation of which he is an officer, in violation of their mandatory duty specifically defined by that section of the statute, viz.:

"When the Commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction."

After a review of the decided cases wherein section 26 of the National Prohibition Act, the Willis-Campbell Act of November 23, 1921, and section 3450, R. S., were compared and considered, I concluded in the case of The Jugoslavia (D. C.) 21 F.(2d) 99, that where the vessel contained intoxicating liquor, but was not discovered in the act of transportation, and with no person in charge to be arrested and prosecuted under section 26, the vessel was liable to forfeiture under R. S. § 3450, upon the theory that if a person had been in charge of the vessel transporting liquor, the officer would have been in duty bound to proceed under section 26 of the National Prohibition Act. I was convinced that the officer discovering one in the act of transportation has no right to elect proceeding under section 3450, R. S., instead of under section 26, which defines his duty and commands his action, such election being made by the law, and not by the officer, as was said by Mr. Justice Butler, and concurred in by Mr. Justice Stone, in Port Gardner Investment Co. v. U. S., 272 U. S. 565, 47 S. Ct. 165, 71 L. Ed. 412, and again repeated by Mr. Justice Stone concurring in United States v. One Ford Coupé, 272 U. S. 335, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, as well as by Justices Butler, McReynolds, and Sutherland when dissenting therefrom (page 341 [47 S. Ct. 154]). However, this case need not be decided upon that ground, although it is plain that forfeiture under R. S. § 3450, is sought here, because of insufficient evidence to prove

knowing, willful transportation under section 26, and no doubt because of the more drastic provision of R. S. § 3450, which would deprive the innocent owner of the equitable relief afforded by section 26 of the Prohibition Act.

Under the ultimate facts as I find them, and mindful of the canons of construction established by controlling authority, I cannot conclude that this vessel, employed as a common carrier by water, was used for a removal, concealment, and deposit of this concededly untax-paid liquor, with intent to defraud the government of a tax, either by John M. Anticich, as the libel charges, or otherwise, except that without any such intent on its part, or on the part of those owning and operating her, the vessel, as a common carrier, was imposed upon by the fraudulent design of unknown persons, who with unlawful intent took advantage of the public duty imposed by law on such carriers to accept all freight tendered them by the public.

The government's contention requires the stretching of the legal fiction that, because the proceeding is one in rem, the vessel is the guilty thing that has offended, into a gargantuan legalism or fetish, irrespective of the Dependent's character as a common carrier, with prescribed public duties, and irrespective of the evidence that the freight was accepted in the usual course of its business as such, and also of the absence of interest, motive, or fraudulent intent on the part of its owner; whereas the statute unambiguously and plainly combines two elements in the offense it defines and sanctions, viz. the use of the vehicle or vessel and the intent of those owning, controlling, or operating it to defraud the government of a tax. These two elements must coexist as interdependent, coordinating, essential ingredients. Similar views are expressed with cogent reasoning in U. S. v. Two Barrels of Whisky (C. C. A.) 96 F. 479, cited in The Calypso (C. C. A.) 230 F. 963, and U. S. v. One Buick Roadster (D. C.) 280 F. 518.

[1, 2] These required elements, on the other hand, exist quoad the liquor and its containers because the bottled liquor was concealed and deposited in the barrels, which disguised its identity as such, and it was removed from some unknown source, and implies the intent to defraud the Government as well as to violate the law by its possession and transportation. These are therefore subject to forfeiture under R. S. § 3450. No such implication, however, can be extended to the vessel as a common carrier upon the mere legal

fiction that it is the offending thing; otherwise, as the claimant very pointedly argues, every one of the ocean-going vessels arriving in port with liquor concealed thereon by members of the crew, every box car and barge ostensibly conveying liquid merchandise, and every Pullman passenger coach with liquor concealed on the persons and in the baggage of passengers, would necessarily yield to the fetish.

A decree may be entered accordingly.