THE K–19294.

## UNITED STATES v. GECKRETTAR.

District Court, D. New Jersey.
Oct. 22, 1930.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for libelant.

Louis Halle, of New York City, and Frederic M. P. Pearse, of Newark, N. J., for claimant.

AVIS, District Judge.

The United States of America filed a libel against the motorboat K-19294, alleging four causes of forfeiture.

(1) That on November 7, 1928, there was unladened, transshipped to, placed in, and received on, the said motorboat, 300 cases of intoxicating liquor, and that by reason thereof the said motorboat is subject to forfeiture under the provisions of section 594 of the Tariff Act of 1922 (19 USCA § 498).

The section of the act referred to, so far as it is pertinent, reads as follows: "Whenever a vessel or vehicle, or the owner or master, conductor, driver, or other person in charge thereof, has become subject to a penalty for violation of the customs-revenue laws of the United States, such vessel or vehicle shall be held for the payment of such penalty and may be seized and proceeded against summarily by libel to recover the same. * * * " (19 USCA § 498.)

Unquestionably the right of seizure and forfeiture, under this section, is for the purpose of recovering the penalty. The libel does not set out any penalty imposed, nor is there any competent proof to sustain the allegation that 300 cases of intoxicating liquor were "transshipped to, placed in and received on, the said motor boat."

For these reasons, the first cause of forfeiture will be dismissed.

(2) That on or about November 7, 1928, there was unladened and placed in, and received on, the said motorboat 300 cases of intoxicating liquor, without a permit, and that such unlading was not occasioned or made necessary by accident, stress of weather, or other unavoidable cause, in violation of section 587 of the Tariff Act of 1922 (19 USCA § 489).

The law applicable to this cause of action includes sections 586 and 587 of the act aforesaid (19 USCA §§ 488 and 489), which refer entirely to transshipments, or the unlading from one vessel to another within four leagues of the coast of the United States. Section 586 refers entirely to a "vessel from a foreign port or place," and provides for forfeiture of the vessel unloaded. Section 587 provides for the forfeiture of the vessel in which the merchandise is placed or loaded.

There is no allegation in the libel that the merchandise contained in the motorboat K-19294 was unladened or transshipped within four leagues of the United States from a "vessel from a foreign port or place," nor is there any testimony to sustain such an allegation, if it had been inserted in the libel.

The second cause of forfeiture is therefore dismissed.

(3) That the master of said motorboat K-19294 on or about November 7, 1928, said boat having arrived from a foreign port or place to within less than four leagues of the coast of the United States, and before receiving a permit, allowed 300 cases of intoxicating liquor to be unladened, in violation of section 586 of the Tariff Act of 1922.

There is no testimony to sustain the allegation that the boat came from a foreign port or place. Slight direct evidence might sustain this contention, but, in the absence of any proofs, it cannot be presumed. Suspicion is not sufficient.

The third cause of forfeiture will be dismissed.

▆▆▆ (4) That a tax was imposed by law upon the goods and commodities (300 cases of intoxicating liquor), a large part of which was on the motorboat at the time of seizure, and the balance adjacent thereto, having been unloaded therefrom, and that it was removed, deposited, and concealed with intent to defraud the United States of such tax, and that by reason thereof the motorboat was subject to forfeiture under the provisions of section 3450 of the Revised Statutes (26 USCA § 1181).

The evidence shows that the sheriff of Middlesex county, who had received some information with relation to the boat, went with his deputy, in the nighttime, on November 7, 1928, to a wharf on South river, within the jurisdiction of this district, and there found motorboat K–19294 moored to a dock, having on board a large number of cases of intoxicating liquor. He testified that some cases were in the boat, some on the gangplank leading from the boat to the wharf, and some in a motortruck immediately alongside the boat, and that there were several men in the general vicinity. The liquor was in pint bottles, in cases, twenty-four bottles to the case. The liquor and boat were seized, and the liquor analyzed. By stipulation of counsel, it was admitted that the content of the bottles was liquor, containing more than one-half of one per cent. of alcohol, by volume, and fit for beverage purposes. No revenue stamps of any character were affixed to the bottles, and the bottles showed no marks of identification, except a label affixed having printed thereon the words "Meadville Rye."

The court finds as facts that the intoxicating liquor found on the motorboat K–19294, on the gangplank, and truck adjacent, was subject to a revenue tax; that the tax had not been paid, and that the said motorboat was being used for the purpose of removing, and depositing and concealing the liquor so subject to tax.

Counsel for claimant insist there should be proof of fact that the liquor came from a foreign port or place, for the purpose of imposing any custom taxes, whereas counsel for the United States contend that, under section 615 of the Tariff Act of 1922 (19 USCA § 525), the burden is upon the claimant. In other words, it is claimed that, in all cases where liquors or vessels are seized, the government may simply prove the circumstances of the seizure, and require the claimant to exonerate; the presumption of importation and failure to pay the tax being sufficient to forfeit. I cannot so hold. I believe it to be the duty of the government to present evidence which at best indicates probable cause for instituting proceedings. In fact, section 615, referred to by counsel for the government, provides: "But probable cause shall be first shown for the institution of such suit, or action, to be judged of by the court."

Counsel for the government refer to the case of The Squanto (C. C. A. 2) 13 F.(2d) 548, but an examination of that case discloses that the clearance papers in the possession of the master of that boat showed that her cargo was shipped at Nassau, which state of facts brought into operation the provisions of section 615. In that case, it also appears that the court refused to forfeit the boat, but held it only liable for penalties. The action of the court in that case sustains the court's idea in dismissing the first three libels in the instant case.

The question then, under section 3450, Rev. St. (26 USCA § 1181), is whether any tax was, on November 7, 1928, imposed upon the intoxicating liquor so seized, and whether the intoxicating liquor was removed, deposited, or concealed with intent to defraud the United States of the tax.

It seems quite clear that, whether the intoxicating liquor was imported or was of domestic origin, it was subject to a revenue tax. The liquor was within the limits of the United States at the time of seizure, and the Act of February 26, 1926, c. 27, § 900, 44 Stat. 104 (26 USCA § 245) provides as follows:

"There shall be levied and collected on all distilled spirits now in bond or that have been or that may be hereafter produced in or imported into the United States, in lieu of the internal-revenue taxes now imposed thereon by law, an internal-revenue tax at the following rates, to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law. * * *

"(3) On and after January 1, 1928, $1.10 on each proof gallon or wine gallon when below proof and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon."

Without question, the intoxicating liquor is "goods and commodities," as contemplated by the law invoked for forfeiture. The facts surrounding the seizure, and the absence of any stamps on the bottles, are conclusive proof that the tax had not been paid. Counsel for the claimant insist that it must be held otherwise, and cites the case of United States v. One Five-Ton Federal Truck (C. C. A. 3) 25 F.(2d) 788. That case was based upon the seizure of an abandoned truck containing several barrels of beer, and the court said: "The mere presence of liquor in an abandoned vehicle, contained in barrels without stamps when stamps are not procurable, does not import knowledge that the liquor was illicit or that the tax had not been paid, *although, concededly, added circumstances may be such as to raise the inference of knowledge and of the accompanying intent,* but the circumstances must be proved as facts and must be of a character that will sustain the inference. In this case there is no evidence of knowledge of anything beyond the fact that unlawful liquor was there, *and in a form and under circumstances* from which no one could then tell whether the liquor was lawful or unlawful or whether the tax had or had not been paid." (Italics mine.) Page 790 of 25 F.(2d).

This explanation was apparently made for the purpose of differentiating the decision from the case of United States v. One Ford Coupe Automobile, 272 U. S. 321, 330, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, wherein the court said: "If the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirement of section 3450. * * * Knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of the liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon." Page 330 of 272 U. S., 47 S. Ct. 154, 157.

The facts in the instant case come fairly within the law declared in both of the above-quoted cases. The liquor was apparently contained in the motorboat, no stamps were affixed, and interested parties were removing the liquor from the boat, in the nighttime. Certainly these were facts and circumstances raising the inference of knowledge, and accompanying intent.

A tax being imposed, no tax being paid, and the parties interested, having, under the circumstances, knowledge of both of these facts, I am satisfied that there was a removal, deposit, and concealment of the commodity, with intent to defraud the United States of a tax, under the provisions of section 3450, supra.

The fourth cause of forfeiture set out in the libel is sustained, and thereunder forfeiture of the motorboat will be decreed.