## THE JULIA DAVIS.

### UNITED STATES v. JOHNSON.
### No. 5315.

Circuit Court of Appeals, Third Circuit.
July 11, 1934.

Harlan Besson, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for appellant.

Wescott & Gelfand and Ethan P. Wescott, all of Camden, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey dismissing a libel for the forfeiture of the gas screw Julia Davis. The vessel was seized by officers of the United States Coast Guard at the Two Mile Beach Fish Wharf at Wildwood, N. J., with a cargo on board of 592 sacks of various brands of intoxicating liquor of foreign origin. The Julia Davis was licensed for fishing only. The libel prayed for forfeiture under Rev. St. § 4377 (46 USCA § 325).

The facts alleged in the answer to the libel and supported by the evidence were that the vessel had been stolen, and that the claimant was not on board at the time of the seizure and did not know that his vessel was engaged in illegal transportation of liquor or that there was any liquor on board. The District Court was satisfied that the vessel had been unlawfully taken and used by unknown persons without the privity, knowledge, or consent of the claimant in his absence.

Rev. St. § 4377 (46 USCA § 325) provides: "Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license; or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."

The rule is well established that the innocence of the owner is not a defense to forfeiture in rem incurred under the customs and navigation laws. The Pilot (C. C. A.) 43 F.(2d) 491; The Dante (D. C.) 17 F.(2d) 304; The Esther M. Rendle (C. C. A.) 7 F.(2d) 545. It may be noted, however, that an innocent owner is not deprived of relief. He may petition the Secretary of the Treasury or the Secretary of Commerce for the remission or mitigation of forfeiture in accordance with the procedure outlined in section 618 of the Tariff Act of 1930 (19 USCA § 1618), which provides: "Whenever any person interested in any vessel, vehicle, mer-chandise, or baggage seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the Secretary of the Treasury if under the customs laws, and with the Secretary of Commerce if under the navigation laws, before the sale of such vessel, vehicle, merchandise, or baggage a petition for the remission or mitigation of such fine, penalty, or forfeiture, the Secretary of the Treasury, or, the Secretary of Commerce, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto. * * *"

We conclude that, notwithstanding the establishment of the innocence of the claimant, the court below erred in its order directing the surrender of the vessel to the claimant free and discharged from the libel.

Decree reversed.