## UNITED STATES v. ONE INTERNATIONAL TRAILER UNIT AND TRAILER.

### No. M–4328.

District Court, D. New Jersey.

Nov. 8, 1940.

Lynwood Lord, of Woodbury, N. J., for claimant.

William F. Smith, Acting U. S. Atty., of Trenton, N. J., and Samuel Cohen, Atty. in Charge, Alcohol Tax Unit, of Newark, N. J., for libelant.

AVIS, District Judge.

On or about January 21, 1933, near Hightstown, in this District, an International truck and trailer were seized by the New Jersey State Police upon information given them by neighbors near the scene of the seizure. When seized the truck and trailer were overturned in a ditch along the highway known as Route 25. The seizure was turned over to prohibition agents. When seized the truck contained 459 cases of assorted liquor, 24 pints to a case, and one case with 12 quarts of champagne. No one was apprehended at the time of seizure.

On February 7, 1933, a libel for forfeiture was filed under R.S. § 3450, 26 U. S.C.A. Int.Rev.Code, § 3321. The answer of Charles Zienneker, owner, was filed, in which, as a defense, it is alleged that he had no knowledge or information that the trailer and truck were being used for transportation or concealment of intoxicating liquors illegally, and denies that a forfeiture should be had.

A trial of the issues has been had; briefs have been submitted; and the matter is now before the court for its decision.

I find as facts:

1. That at about 7 A. M., January 20, 1933, two trucks owned by Charles Zienneker, left his place of business on Crown Point Road, Swedesboro, destined for Bridgeton, to be used by a lessee in hauling operations between that point and Bridgeport, Connecticut.

. The circumstances under which the trucks were despatched are set out in a statement of Charles Zienneker introduced in evidence at the trial, and from which it appears that the claimant was in the trucking business; that for some time

prior to the seizure here under consideration he had business dealings with one Samuel Wilson by furnishing trucks for hauling purposes; that Wilson used claimant's trucks for hauling between Bridgeton, New Jersey, and Bridgeport, Connecticut; that claimant received $50 or $60 per truck load; that on January 20, 1933, claimant received a telephone call, requesting two trucks be sent to Bridgeton; that two trucks were despatched by claimant as requested.

2. That Charles Zienneker rented the trucks but had no knowledge that they were to be used for the transportation or concealment of non-taxpaid alcohol or liquor.

3. That in response to a telephone call at 7:10 A. M., January 21, 1933, the New Jersey State Police found one of said trucks overturned in a ditch near Hightstown, and seized the same.

No persons were found in possession of the truck, and no one was arrested or proceeded against as a violator of the law regarding transportation of non-taxpaid liquor.

4. That the seizure was turned over to agents of the Government.

5. That the truck contained 459 cases of assorted liquor, 24 pints to the case, and 1 case containing 12 quarts of champagne.

6. That said liquors were contained in burlap bags.

7. That no revenue stamps were on the bags or cases, and apparently the tax on the liquor had not been paid.

Conclusions of law:.

The statute under which this proceeding was brought reads as follows: "Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited. And every person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine or penalty of not more than $500." 26 U.S. C. § 1181.

It is noted that the substance of the above was restated in Supplement VI to the Code of Laws, § 1441, and is now found in 26 U.S.C.A. Int.Rev.Code, § 3321, to which reference hereinafter will be made.

Two contentions are raised by claimant in support of his claim that the truck and trailer should not be forfeited: (1) That he was an innocent owner; (2) that the proceedings should have been instituted under Section 26 of the National Prohibition Act, 27 U.S.C.A. § 40, and not under R.S. § 3450, 26 U.S.C.A. Int.Rev.Code, § 3321, and, incidentally, (3) that there is not sufficient evidence to warrant a finding that the liquor was concealed with intent to defraud the Government of the tax.

▆▆▆ The innocence of the owner of the truck as to its use for illegal purposes cannot protect the claimant's property from confiscation in proceedings instituted under R.S. sec. 3450, 26 U.S.C.A. Int.Rev.Code, § 3321. Under that statute, where the affirmative act of the owner puts a vehicle in a place where it may be used in a law violation, it is no defense against forfeiture that the owner had no part in the actual violation. The act of hiring, as a legal proposition, overcomes any claim of innocent ownership. It is the thing that offends, the truck, that is forfeitable. See United States v. One Ford Coupé, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

The only exception to this rule in any of the cases I have been able to find is when a vehicle is stolen or taken without consent or knowledge of the owner. In the case of United States v. One Buick Roadster, D.C., 280 F. 517, 519, Judge Bourquin held that the statute cannot apply to "a thing seized and used by a trespasser or thief," but said that this principle could not apply to a bailee, and further, "The bailee has possession with the owner's consent, the trespasser or thief without it, each the

antipodes of the other. The owner takes the hazard of his voluntary act, and responds over for his bailee's misuse of the thing." 280 F. at p. 519.

Following this rule, on July 18, 1933, I determined in the case of United States v. Gas Screw Julia Davis [1] that the vessel involved in that case should not be condemned. The Circuit Court of Appeals, however, disagreed with me, and in the opinion, reported in The Julia Davis, 3 Cir., 72 F.2d 370, determined that the vessel should be forfeited notwithstanding the innocence of the claimant.

The principle followed in other cases prevents a finding for claimant on this legal contention.

The challenge to the right of the Government to proceed under R.S. § 3450 is likewise answered in the decision aforesaid, United States v. One Ford Coupé, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

The distinction between the two statutes is clarified in that case. If a person had been discovered in the act of transportation, he should have been prosecuted and the forfeiture proceedings had under Section 26 of the National Prohibition Act, 27 U.S.C.A. § 40. Transportation had ceased when the liquor and truck were seized in the instant case, and the only method of proceeding was set out in R.S. § 3450. The United States was fully justified in proceeding under that section.

The only other question raised is with relation to the sufficiency of the evidence as to a concealment with intent to defraud the Government of the tax.

The circumstances under which the truck and its load of liquor was abandoned and the liquor never claimed, the absence of stamps, and the bag containers, indicate quite conclusively that the liquor was illicit, and that it was intended for consumption without the payment of tax.

This legal conclusion is sustained.in the opinion which I rendered in the case of United States v. Geckrettar, 3 Cir., 53 F.2d 246. It does not seem necessary to further discuss the objections raised by claimant, except to suggest that the case of The Dependent, D.C., 24 F.2d 538, cited by claimant, refers only to a common carrier which was innocently transporting illegal liquor in the course of a general transportation business. This case is not applicable to the facts in the instant case. The case of Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376, also cited by claimant, is in complete opposition to the theory of claimant.

A decree of forfeiture will be signed.

---

[1] No opinion for publication.