**UNITED STATES of America,
Appellant,**

v.

**Kenneth H. GUNTHER, Appellee.**

**No. 14320.**

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1958.

Decided June 19, 1958.

See also, 97 U.S.App.D.C. 254, 230 F.2d 222.

Mr. John W. Warner, Jr., Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellant.

Mr. Vernon L. Wilkinson, Washington, D. C. (appointed by this Court) for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal by the United States from an order of the District Court dismissing an indictment against Gunther for lack of a speedy trial; technically, under Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., because of unnecessary delay in bringing

the defendant to trial. In almost every month from March, 1952, when the indictment was brought, until the present time, either Gunther or the United States has appeared before the courts of this jurisdiction in regard to this case. There have been over thirty motions filed in it; this court has heard three appeals and remanded twice to the District Court for further proceedings. Gunther himself has been the subject of four hearings to determine his competence to stand trial, and altogether nine attorneys have been appointed in his behalf.

Gunther was tried in 1953 and found guilty of rape. At that time his defenses were (1) consent and (2) insanity. Sentence of three to nine years' imprisonment was imposed. This court reversed the conviction on July 1, 1954.[1] He has spent approximately six years either in jail or in a mental hospital. The Government argues that the record will not support a finding of prejudice as a result of the passage of time and that, therefore, the District Court abused its discretion. We think the dismissal was justified by the circumstances.

The Government urges that the administration of justice would be unwarrantably and invalidly thwarted if a rule were to be established that an indicted person can secure dismissal of his indictment upon a delay in trial without making some showing of prejudice. It supports this contention with an exhaustive and scholarly brief. But we do not reach that question. We do not hold or mean to intimate that, generally speaking, motions to dismiss for delay are to be granted in the absence of a showing of prejudice. We decide this case on its own facts, which, as the recitation of them shows, are unusual. Gunther has had one trial on this indictment and has been in custody almost the maximum of the term imposed upon him at that time. The case has been almost continuously in the courts, but a second trial has never

been held. His conviction having been reversed, he was entitled to a new trial as reasonably soon as circumstances would permit. We need not recite the many delays—a fair proportion attributable to the Government—which have occupied these years. The essential inquiries are whether there was unnecessary delay in bringing about the new trial and whether the accused could now have a fair trial. The District Court, after an oral argument on his motion, found the delay unnecessary and that "the defendant has been jeopardized in his defense." We cannot say the court erred.

In United States v. McWilliams[2] we said, Chief Justice Groner writing for the court and citing many cases:

"The question for decision on the appeal is (a), whether an action on a motion to dismiss for lack of prosecution is within the sound judicial discretion of the trial judge and (b), if so, under what circumstances may its exercise be controlled on appeal? The answer to the first query is obvious, not only from the provisions of the New Criminal Rules, 18 U.S. C.A. following section 687, but also by the general recognition of the right prior to their enactment. * * And the answer to the latter query is equally obvious, since the rule of this jurisdiction is that where there has been a lack of due diligence in the prosecution of a case the trial judge may dismiss and his order will be sustained on appeal, unless there has been a clear abuse of discretion. Neel v. Barbra, 1943, 78 U.S.App. D.C. 13, 136 F.2d 269. And by abuse of discretion is meant action which is arbitrary, fanciful, or clearly unreasonable. This is also the rule applied by the Supreme Court, * * * and generally followed in other circuits."

Affirmed.

---

1. Gunther v. United States, 94 U.S.App. D.C. 243, 215 F.2d 493.

2. 1947, 82 U.S.App.D.C. 259, 260–261, 163 F.2d 695, 696–697. Cf. Williams v. United States, 1957, 102 U.S.App.D.C. 51, 250 F.2d 19.