**DISTRICT OF COLUMBIA, Appellant,**

v.

**Patrick C. HEALY, Appellee.**

No. 2508.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 8, 1960.

Decided May 17, 1960.

the absence of one of its witnesses. The trial court denied the continuance and dismissed the information for lack of prosecution.

Twelve days later a second information was filed against appellee charging the same offense charged in the prior information. The trial court (not the same judge who had dismissed the first information) dismissed the second information, holding that "the prior dismissal was a final order which barred any further action on the merits of the case." The government has appealed from his ruling.

In approaching the question raised, we should bear in mind the following: (1) There is no statute in this jurisdiction, as in many of the States, providing for dismissal of a criminal charge if the accused is not brought to trial in a specified time, and in some instances providing the effect of such dismissal;[1] (2) in this jurisdiction, unlike other federal jurisdictions, the government had the right, which it did not exercise, of an appeal from the first order of dismissal;[2] (3) the criminal rules of the Municipal Court do not contain a rule similar to Federal Rule of Criminal Procedure 48(b), 18 U.S.C.A., providing for dismissal of an information for unnecessary delay in bringing a defendant to trial. We also feel we must assume that the dismissal of the first information was justified, because the propriety of that dismissal is not before us. We say this because of the assertion in the government's brief that an appeal from the dismissal of the first information "would almost certainly have obtained a reversal."

The narrow question before us is whether the dismissal of an information for lack of prosecution is a bar to prosecution under a second information which

---

Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellant.

Arthur E. Neuman, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

On February 16, 1959, appellee was charged by information with operating a motor vehicle on February 14 while under the influence of intoxicating liquor. On that day he pleaded not guilty and demanded trial by jury. The case was continued until March 24. On that day at appellee's request the case was continued until April 21. On this date, at the government's request, the case was again continued until June 3. On this last date, the government again moved for a continuance because of

1. Code 1951, 23–104 deals only with delay prior to indictment.

2. Code 1951, 23–105; United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695; United States v. Gunther, 104 U.S. App.D.C. 16, 259 F.2d 173. See also Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442.

merely repeats the charge of the prior information. Both the government and appellee concede there is no local authority on the subject, and indeed we have found no case directly in point in any jurisdiction. Most of the State cases involve local statutes,[3] and are not helpful here. Likewise of no help are those cases holding that dismissal of a defective indictment or information is no bar to the prosecution of a good one. Cases construing Federal Rule of Criminal Procedure 48(b) throw some light on the subject but do not answer our question. Many of them deal with the question of the appealability of an order of dismissal.[4] Probably the most frequently cited federal case on the subject is Ex parte Altman, D.C.S.D.Cal., 34 F. Supp. 106,[5] but the actual holding in that case dealt with the right of a trial court to vacate its own order of dismissal for want of prosecution.

We conclude we must decide this case on general principles, guided by such assistance as we may find in our local statutes and decisions.

■ ■ We start with the proposition that even in the absence of statute or rule, a court has the inherent power to dismiss a criminal proceeding for lack of prosecution, and that such dismissal in this jurisdiction is an appealable order.[6] And the decision in District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17, certiorari denied 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529, at least intimates, if it does not directly hold, that a dismissal with prejudice forbids the filing of a second information on the same charge. The

trial court in dismissing the first information did not state that the dismissal was either with or without prejudice. Some reference has been made to the fact that Federal Rule of Civil Procedure 41(b), 28 U.S.C.A.,[7] provides that a dismissal for failure to prosecute, unless the court otherwise specifies, operates as an adjudication on the merits, while Federal Rule of Criminal Procedure 48(b) does not so provide. We do not think this is decisive. Our question is whether, regardless of rule, a dismissal of an information for lack of prosecution is a dismissal with prejudice. We conclude it is for the following reasons.

If, as the government here claims, it is free to file a new information and the filing of which commences a new period of time, what benefit accrues to a defendant who successfully moves for such a dismissal? If the government may proceed with a second information the delay in prosecution is simply compounded. Why should the government oppose any such dismissal if it is free to file a second information? Unless it has some lasting effect on the prosecution, a dismissal for lack of prosecution would be a useless thing. Had the government appealed from the first dismissal and we had affirmed, is it to be supposed that the government could have filed a new information and proceeded with the prosecution despite the prior dismissal by the trial court and the affirmance by this court? It is unthinkable, aside from any question of the statute of limitations, that the government could have reindicted the defendants in the McWilliams case and started that prosecution anew after the in-

3. See Annotation 50 A.L.R.2d 943.

4. E. g., United States v. Heath, 9 Cir., 260 F.2d 623; United States v. Apex Distributing Co., 9 Cir., 270 F.2d 747.

5. This case was cited by the Advisory Committee on the Federal Rules of Criminal Procedure, and was also cited in

United States v. McWilliams, 82 U.S.App. D.C. 259, 260, 163 F.2d 695, 696.

6. United States v. McWilliams, 82 U.S.App. D.C. 259, 163 F.2d 695; United States v. Gunther, 104 U.S.App.D.C. 16, 259 F.2d 173.

7. Municipal Court Civil Rule 41(b) is to the same effect.

dictment had been dismissed and the dismissal affirmed on appeal. The situation is the same here because the government could have appealed but did not, and the original order of dismissal stands unappealed.

 Our conclusion is that whatever may be the rule in other jurisdictions, in this jurisdiction a dismissal of an information for lack of prosecution, from which no appeal is taken, is a dismissal with prejudice and bars the filing of a second information charging the same offense.

Affirmed.