DISTRICT OF COLUMBIA, Appellant,

v.

Joseph WEAMS, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Paul J. GRADY, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Daisy B. ALEXANDER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Claude BRAXTON, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Everett McKENZIE, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Oscar TYLER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Angelia TYLER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Charles E. SUBER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

James TYLER, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Percy McKENZIE, Appellee.

Nos. 3600–3609.

District of Columbia Court of Appeals.

Argued Dec. 21, 1964.

Decided March 31, 1965.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Thurman L. Dodson, Washington, D. C., for appellees Joseph Weams, Everett McKenzie, Oscar Tyler, Angelia Tyler, Charles E. Suber, James Tyler and Percy McKenzie.

William B. Bryant, Washington, D. C., for appellees Paul J. Grady, Daisy B. Alexander and Claude Braxton.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellees were separately charged with disorderly conduct. When the cases came on for joint trial on August 6, 1964, a continuance was requested by the prosecuting attorney because of the unavailability of a government witness. After a discussion between the trial judge and counsel for both sides respecting a possible stipulation as to the absent witness's testimony, the court ordered a recess. When court reconvened, the prosecuting attorney announced he had nol-prossed all cases. When the right to do so was challenged by defense attorneys, the trial judge refused to accept the nolle prosequi and directed that the cases be dismissed for want of prosecution with prejudice.

On August 17, 1964, appellees were again charged with the same offenses in new informations. When the cases came on for trial, another judge granted motions to quash these new informations on the ground that "under the District of Columbia Code, Title 23, Section 105, the prosecutor, wheth-er it be United States Government or Corporation Counsel's Office, has the same right of appeal as the defendant would have, and * * * should have exercised that right [at the time the first informations were dismissed]." These appeals ensued.

■ The sole question before us is whether the trial judge properly quashed the second informations. The government argues that it is not estopped from collaterally attacking the judgments of dismissal of the first informations by its failure to appeal therefrom, because, it argues, jurisdiction over the cases had been lost by the trial judge when the first informations were nol-prossed prior to their dismissal by him. It is the government's position that, in the absence of statute or rule of court,[1] the right of the prosecutor to enter a nolle prosequi is not subject in any manner to approval of the court, that when the informations were nol-prossed the charges were no longer before the court, and that the trial court's orders of dismissal with prejudice were nullities and had no binding effect on the later informations.

■ It is true that at common law the prosecution of criminal offenses was in the absolute control of the prosecuting attorney to the extent that the court had no power to compel a prosecution or to order the entry of a nolle prosequi. Nevertheless, throughout the cases on the subject there runs the thought that the right of the prosecutor to enter a nolle prosequi is subject to interference by the court if the right is oppressively or arbitrarily used.[2] As the government here concedes in its brief, judicial restraint may be exercised when the prosecutor's authority to nol-pros is exercised in a manner that is "scandalous", "corrupt", or "capricious and vexatiously repetitious."

1. Rule 48(a) of the Federal Rules of Criminal Procedure does not apply to the trial court and it has no similar rule. There is no local statute on the subject.

2. See, e. g., People ex rel. Elliott v. Covelli, 415 Ill. 79, 112 N.E.2d 156 (1953); State on Inf. of McKittrick v. Graves, 346 Mo. 990, 144 S.W.2d 91 (1940); State v. Charles, 183 S.C. 188, 190 S.E. 466 (1937); Commonwealth v. Dascalakis, 246 Mass. 12, 140 N.E. 470 (1923); United States v. Krakowitz, 52 F.Supp. 774 (S.D.Ohio 1943); Ex Parte Altman, 34 F.Supp. 106 (S.D.Cal.1940).

If the prosecutor's authority is subject under any condition to judicial restraint, his authority is not absolute though it may be almost absolute. It follows that when the court in each of the instant cases refused to accept the nolle prosequi and entered a dismissal with prejudice, its action was not a nullity although it may have been completely erroneous. An erroneous ruling or action is binding unless vacated or reversed. The government could have appealed from the dismissals with prejudice, but it did not exercise that right. The dismissals with prejudice therefore are binding and constitute a bar to the second prosecutions. The second informations were properly quashed.

Affirmed.

MYERS, Associate Judge (dissenting):

I must disagree with my associates' affirmance of the dismissals of the second informations filed against appellees by reason of the government's failure to note timely appeals from the dismissals with prejudice of the first informations.

Under the general rule, absent a statute or rule of court to the contrary, the authority to enter a nolle prosequi rests entirely within the discretion of the prosecuting officer at all stages of a criminal proceeding before jeopardy attaches. Leave of court is not a requirement in the exercise of such discretionary power. People ex rel. Elliott v. Covelli, 415 Ill. 79, 112 N.E.2d 156 (1953); State ex rel. Griffin v. Smith, 363 Mo. 1235, 258 S.W.2d 590 (Mo.1953). In federal jurisdictions this general rule has been changed by adoption of Rule 48(a) of the Federal Rules of Criminal Procedure, effective March 21, 1946, which requires leave of court be first obtained before a nolle prosequi can be validly entered by a prosecuting officer. The common law rule, which had previously prevailed, required no prior consent as the district attorney had absolute control over criminal prosecutions and could dismiss or refuse to prosecute without giving any reasons there-

for. He was given *absolute* power to decide whether to press a criminal case to its conclusion. United States v. Woody, 2 F.2d 262, 263 (D.Mont.1924), citing the United States Supreme Court in the Confiscation Cases, 74 U.S. 454, 7 Wall. 454, 457, 19 L.Ed. 196; The Jugoslavia, 21 F.2d 99, 101 (E.D.La.1927); United States v. Shanahan, 168 F.Supp. 225, 227 (S.D.Ind.1959).

However, the Federal Rules of Criminal Procedure do not apply to criminal cases in the District of Columbia Court of General Sessions, District of Columbia v. Healey, D.C.Mun.App., 160 A.2d 800, 801 (1960). See also Mann v. United States, 113 U.S. App.D.C. 27, 304 F.2d 394 (1962). The majority opinion concedes that there is no similar rule of court or statute which requires leave of court first in order to enter a nolle prosequi in the Court of General Sessions. Nevertheless, my associates then proceed, in effect, to apply Rule 48(a) and affirm the dismissals in these cases which had already been fully disposed of by the action of the prosecuting officer.

Needless to say, a trial judge has inherent power to dismiss a criminal proceeding for an unduly prolonged lack of prosecution and such dismissal presents an appealable order. United States v. Gunther, 104 U.S. App.D.C. 16, 17, 259 F.2d 173, 174 (1958). On the other hand, once a nolle prosequi has been entered by the prosecuting officer in the District of Columbia Court of General Sessions, further jurisdiction over that case by the trial judge is terminated for any purpose. He cannot revivify it in order to dismiss it again. He can only determine if the entry was properly made. State ex rel. Griffin v. Smith, supra; State v. Charles, 183 S.C. 188, 190 S.E. 466 (1937). If the nolle prosequi is determined by him to have been improperly entered—e. g., that it was the last of a series of nolle prosequi disposing of the same charge against a defendant and concluded to be "capricious" or "vexatiously repetitious"—and, on that basic finding, he refuses to accept it, any action by him further in the case is merely voidable. If, however, without inquiry and find-

ing as to the propriety of its entry, the trial judge ignores or refuses to accept a nolle prosequi and then attempts to take further action in the same case, he clearly exceeds his powers and all actions taken by him thereafter are void and of no effect. In my opinion, when there is no showing that the entry of a nolle prosequi was "scandalous", "corrupt", "capricious", or "vexatiously repetitious", the nolle prosequi was effectively entered, properly disposed of the case and the judge's jurisdiction was ended in that case.

The record in the cases before us reveals that the first informations charging disorderly conduct by appellees had been nolprossed *once* by the prosecuting attorney due to unavailability of a necessary witness. It is obvious that this action by him was not capricious, oppressive, or vexatiously repetitious. No such finding was made by the trial judge nor would the record have supported such a determination. To allow the trial judge to reject or disregard a nolle prosequi under circumstances where it was properly entered is in effect applying Rule 48(a) to the Court of General Sessions. Such application is without authority.

Since the trial judge's jurisdiction of the cases had been effectively terminated, any action taken by him thereafter was void, not voidable, and therefore subject to collateral attack. Bowles v. Laws, 59 App. D.C. 399, 402, 45 F.2d 669, 672 (1930), cert. denied, 283 U.S. 841, 51 S.Ct. 488, 75 L.Ed. 1452; United States v. Pridgeon, 153 U.S. 48, 59, 14 S.Ct. 746, 38 L.Ed. 631 (1894). It necessarily follows that the government was under no obligation to appeal from the illegal dismissal of the first informations.

My associates say that the dismissals by the trial judge "may have been erroneous" but are nevertheless binding until reversed. How can criminal cases that have already been properly disposed of by entry of nolle prosequi still be pending on the trial calendar before the judge so that he can then dismiss them again? It would clearly appear that the dismissals under these circumstances, whether "erroneous" or not, went far beyond his power and hence were void. The "almost absolute" authority assigned to the prosecuting officer in the majority opinion is devoid of any real power for his use of a nolle prosequi by being left to the complete discretion of the trial judge. The effect of the ruling therefore is to impose the restriction of Rule 48(a) in the use of nolle prosequi in the Court of General Sessions. Whatever may have been the worthwhile objective of this intent to bring criminal cases and the power of the prosecuting officers in the use of the nolle prosequi in line with the effect of Federal Rule 48(a) in federal courts and regardless of any personal views I may entertain on this subject, I am unwilling to resort to what appears to be a form of judicial legislation and to disregard the present rule, which must be changed by congressional enactment or by validly adopted court rule in the Court of General Sessions.

It is my opinion that the cases should be reversed and remanded for trials upon the second informations.