### WOLFF et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. May 14, 1924.)

No. 1715.

1. **Criminal law ⬥⟹178—Indictment which is nolled not bar to second indictment.**

An indictment which is nolle prossed, defendant not having been put to trial thereon, is not a bar to second indictment for the same offense.

2. **Criminal law ⬥⟹200(6)—Prosecution for conspiracy to commit offense not barred because prosecution for such offense is barred.**

That prosecution for an offense against the United States is barred by limitation does not bar a prosecution for conspiracy to commit such offense.

3. **Conspiracy ⬥⟹45—Evidence held competent.**

Under an indictment for conspiracy to commit an offense by the concealment by one of the defendants, while a bankrupt, of money received for goods sold from his trustee, testimony to his sale of goods shortly before bankruptcy was relevant and competent.

4. **Criminal law ⬥⟹762(2)—Not error for judge to express an opinion on the facts.**

Under the federal rule, it is not error for a judge to express his opinion on the facts, provided he gives the jury to understand that they are not bound by his opinion, but are free to exercise their own independent judgment.

In Error to the District Court of the United States for the District of Massachusetts; John A. Peters, Judge.

Criminal prosecution by the United States against Isaac Wolff and Reuben Sontag. Judgment of conviction, and defendants bring error. Affirmed.

William H. Lewis, of Boston, Mass., for plaintiffs in error.

Essex S. Abbott, Sp. Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U S. Atty., and Joseph V. Carroll, Sp. Asst U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. On January 29, 1921, the respondents, Isaac Wolff and Reuben Sontag, were indicted in the United States District Court for the District of Massachusetts for having, on the 1st day of November, 1919, unlawfully conspired together, in violation of section 37 of the Penal Code (Comp. St. § 10201), to commit the offense denounced by section 29b (1) of the Bankruptcy Act of July 1, 1898 (Comp. St. § 9613), which offense was to be committed by said Wolff fraudulently concealing, while a bankrupt, from his trustee in bankruptcy thereafter to be appointed, certain property belonging to his estate, to wit, "certain moneys to the amount and value of twenty-five thousand dollars, * * * said moneys to be the proceeds of the sale and disposition of large quantities of woolen goods, owned by said Wolff and to be disposed of by said Wolff preceding and after the institution of said bankruptcy proceedings"; that thereafter, on the 3d

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

day of December, 1919 an involuntary proceeding in bankruptcy was instituted in said District Court, pursuant to the provisions of the Bankruptcy Act, and that on the 9th day of April, 1920, Wolff was adjudged a bankrupt; that thereafter Max M Kalman was appointed trustee, and on the 27th of April, 1920, qualified as such trustee; that in pursuance of said unlawful conspiracy, and to effect the object thereof, said Wolff, on the 28th day of April, 1920, knowingly and fraudulently concealed from said trustee a large amount of money, to wit, $25,000, etc. Six other overt acts in furtherance of said unlawful conspiracy are set out. A trial was had, a verdict of guilty was returned, and the respondents were sentenced to imprisonment. It is from these sentences that these writs of error are prosecuted.

[1] At the trial the respondents moved to dismiss the indictment "on the ground that a previous indictment for the same cause, alleging the same facts, had been nol. prossed by a former district attorney, and that the good faith of the United States required that no further proceedings should be had against them." This motion was denied, and the respondents excepted. This exception constitutes the first assignment of error.

As to this assignment it appears that the respondents were never set to the bar to be tried on the earlier indictment for conspiracy, which was nol. prossed. Such being the case, the nolle prosequi was not a discharge of the crime, nor a bar to the present indictment. Commonwealth v. Hart, 149 Mass. 7, 20 N. E. 310; Commonwealth v. Tuck, 20 Pick. 357; Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545; United States v. Shoemaker, Fed. Cas. No. 16,279; 16 Corpus Juris, pp. 432-438. If the court below, in its discretion, might have granted the motion (a question not decided), it plainly did not abuse its discretion in denying it.

[2] Before the trial was begun the respondents moved that the indictment "upon which they were being tried be dismissed, on the ground that the acts which they were charged with having committed, to wit, the concealment of the assets by Wolff from his trustee in bankruptcy, had been barred by the statute of limitations, more than one year having elapsed before the returning of the indictment against him, and that the United States could not revive the cause of action against them by indicting them under the conspiracy section, carrying with it a longer period before which the action against them would be barred." The denial of this motion constitutes the second assignment of error.

The offense charged in the present indictment is not the concealment of assets from the trustee, as to which the one-year rule applies, but is for conspiracy to conceal such assets, under section 37 of the Criminal Code, as to which the limitation is three years. This subject is fully considered in United States v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211, and was decided against the respondents' contention.

[3] The third assignment relates to the admission of testimony given by the witness Pizer, who testified that in 1919 he conducted a business under the name of the Middlesex Naval Uniform Company, and that in that year he bought a bill of goods of Wolff for which he paid

$4,000, partly by checks and partly by a note. On being asked, "Did you at some time buy a bill of goods of Mr Wolff?" the respondents said, "This is objected to, except on the last offense set out in the indictment." The question was not answered directly, but was inferentially, by answers given to subsequent questions which were not objected to. In the assignment of error the respondents state the ground of their objection to be that the purchase of the bill of goods from Wolff was a fact outside the indictment and not pertinent to the issue. The evidence bore directly upon the charge stated in the indictment and was competent.

The eighth assignment relates to the testimony given by Kalman, the trustee in bankruptcy, to the effect that he never received any money from Wolff or Sontag. This assignment is without merit. There was evidence that Wolff, during the period complained of, had received money for goods sold. It was therefore competent for the trustee to testify that none of it had been turned over to him.

The remaining assignment relates to the charge to the jury. In the course of his charge the presiding judge said:

"The particular evidence the government relies upon and asks you to believe to be the basis from which you can properly infer the existence of this conspiracy begins with the financial transactions of Mr. Wolff when, about three months before his bankruptcy, before the petition against him in bankruptcy, a large amount of goods were purchased by him, and I believe the schedules in bankruptcy show that more than $60,000 worth of goods were purchased in the three months, more or less, just prior to his bankruptcy, and it appears that during the same time, and shortly before the bankruptcy, some $30,000 or $40,000 worth of goods were shipped to auctioneers in New York and the proceeds remitted to Wolff in Boston. Now, that transaction might be consistent with honest dealing, but the government says that there are further details which show that it could not be so reasonably consistent. They say that the transactions were largely not entered upon the books of the defendant Wolff. They say that the transactions indicated that he was using another man's name, whether with or without his authority, for the purpose of concealing the transactions. They say, and there is evidence here to prove, that the checks that came from the sale of these goods did not go through the bank in the ordinary way, but in many cases were cashed and did not find their way into the pockets of his creditors, or into the source from which they might have gone into the pockets of his creditors.

"All those things, of course, might be true, and an acquittal necessary, unless this man Sontag is connected with the affair in some way, because he is charged with concealing assets from the creditors of Wolff. It will not be sufficient for you to find that Wolff concealed assets from his creditors. I am frank to say that, from my own point of view and in my own opinion, which is not binding upon you at all, the evidence appears strong that this man Wolff made some effort to conceal assets from his creditors. But that would not be enough, and it is for you to say, of course, that that would not be enough. This man Sontag must be connected with it. They must be hooked up together, for them to be convicted under this indictment, which is for conspiracy, and not for concealing assets from one's creditors."

[4] It is to the portion of the charge contained in the last paragraph, wherein the presiding judge expressed his opinion, that the respondents assign error. What the court was seeking to impress upon the minds of the jury was that the concealment of assets by Wolff would not be a sufficient ground for finding the respondents guilty; that to do so, they must find that he and Sontag conspired to conceal

the assets from his trustee; and while the court expressed the opinion that the evidence appeared to be strong that Wolff had made some effort to conceal assets, it distinctly informed the jury that its "opinion was not binding upon [them] at all." Under the federal rule it is not error for a judge to express his opinion on the facts provided he gives the jury to understand that they are not bound by his opinion but are free to exercise their own independent judgment. Lovejoy v. United States, 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; Roth v. United States (C. C. A.) 294 Fed. 475, 482, and cases there cited.

The judgments of the District Court are affirmed.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes