## NEILL v. UNITED STATES.
### No. 5734.

Circuit Court of Appeals, Fifth Circuit.
May 28, 1930.

O. D. Street, of Guntersville, Ala., for appellant.

C. B. Kennamer, U. S. Atty., of Birmingham, Ala., and J. Osmond Middleton, Asst. U. S. Atty., of Clanton, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted under the first and second counts of an indictment. The first count charged that at a stated time and place the appellant, being then and there a person employed in and connected with a branch of the Postal Service, to wit, a clerk in the United States Post Office at Birmingham, Ala., did unlawfully, etc., use and convert to his own use a stated amount of lawful money of the United States, which said money had theretofore come into his hands and under his control in the execution and under control of his office, employment, and service as such post office clerk; said money having been deposited with appellant for the purpose of paying postage due stamps to be thereafter placed on mail coming to said post office addressed to the Empire Hotel and others to the grand jury unknown, on which the full amount of postage had not theretofore been paid. The second count contained quite similar allegations, except that it charged that appellant did unlawfully, etc., fail to account for and turn over to the proper officer and agent of the United States the money referred to. Each of the counts was demurred to on the ground that its allegations did not show that the money referred to came into appellant's hands or under his control in the execution or under the control of his office, employment, or service.

There was uncontroverted evidence to the effect that appellant, who was the clerk in charge of postage due mail at the Birmingham, Ala., post office, failed to account for, and converted to his own use, money which, in accordance with a practice which for many years had been followed in the Birmingham post office, was deposited with the appellant as the clerk in charge of postage due mail, to pay for postage due stamps required to be placed on postage due mail addressed to the Empire Hotel, and after the date of such deposit received at that post office. Appellant assigned as error the overruling of the demurrer to the indictment, instructions given by the court to the jury, and the court's refusal of requested charges to the effect that if the jury believed the evidence they could not convict the appellant.

The allegations of each of the counts as to the money referred to coming into the accused's hands or under his control indicates that the pleader had in mind language used in section 355 of title 18 of the United States Code (18 USCA § 355); the allegation being that such money came into appellant's hands or under his control "in the execution and under the control of his office, employment and service as such postoffice clerk," and the language used in the section mentioned being, "in the execution or under control of his office, employment or service." The previously enacted legislation upon which that section of the Code was based is section 225 of the Criminal Code, which, instead of the above set out language, contains the language, "in the execution or under color of his office, employment, or service." The language of section 225 of the Criminal Code is controlling, section 2 of the act adopting the United States Code providing: "In case of

any inconsistency arising through omission or otherwise between the provisions of any section of this Code and the corresponding portion of legislation heretofore enacted effect shall be given for all purposes whatsoever to such enactments." 44 Stat. pt. 1, p. 1 (USCA titles 1–4, p. 4). Under section 225 of the Criminal Code a person employed in or connected with any branch of the Postal Service is guilty of a criminal offense if he converts to his own use, or fails or refuses to account for or turn over to the proper officer or agent, money coming into his hands or under his control in any manner whatever, in the execution or under color of his office, employment, or service, whether the same shall be the money or property of the United States, or not. While neither of the counts now in question alleges in the words of the statute that the money referred to came into appellant's hands or under his control "in the execution or under color of his office, employment, or service," the allegations of each of those counts sufficiently show that such money came into appellant's hands or under his control in the execution or under color of his office, employment, or service; the allegations of each of the counts showing that appellant, while employed and acting as a clerk in the post office at Birmingham, received that money for the purpose of paying for postage due stamps to be placed on mail addressed to the Empire Hotel upon which the required amount of postage had not theretofore been paid. For a post office clerk to be guilty of the offense created by the statute in question, it is not necessary that in getting possession or control of money which he converts to his own use or fails to account for he was executing his employment or service, or complying with a duty thereof, if in so doing while acting as such clerk he believed or pretended that he was performing a duty or function of his employment or service, or seemed to be doing so; as in getting possession or control of money while so acting and so believing or pretending, or seeming to be so doing in the course of his employment or service, such clerk's so doing is to be regarded as under color of his employment or service. Mason v. Crabtree, 71 Ala. 479; Swift, etc., Co. v. United States, 111 U. S. 22, 4 S. Ct. 244, 28 L. Ed. 341; 11 Corpus Juris, 1225. As the allegations of the counts in question and uncontroverted evidence showed that appellant failed to account for and converted to his own use money which came into his hands or under his control in the execution or under color of his employment or service, those counts were not subject to demurrer on the ground assigned, and the court did not err in refusing to give instructions to the effect that if the jury believed the evidence they could not convict the appellant.

The court's charge to the jury contained instructions to the effect that if without any specific authority of the postmaster, and without any statute or printed or written rule or regulation of the Post Office Department, a custom had grown up in first class post offices, including the post office at Birmingham, for the clerk in charge of postage due mail to receive money deposits in advance from patrons of the office and to purchase therewith postage due stamps and with them pay postage due on mail matter of such patrons as might subsequently come to such post office, this would give rise to a duty on the part of such clerk to receive such money or such deposit. Statutes forbid the delivery of mail matter prior to the postage due thereon being paid, and provide for postmasters, before delivering any mail matter upon which prepayment in full of postage has not been made, affixing or causing to be affixed, and canceled, postage due stamps equivalent in value to the amount of postage due thereon. 39 USCA §§ 272, 275. We are aware of no statute or regulation which would be violated by a postmaster or a clerk in charge of postage due mail accepting from one who receives mail at the office a deposit of money to be used in buying postage due stamps required to be affixed before delivery to postage due mail matter addressed to the depositor and received at his post office after the making of such deposit. But, whether the money which the evidence showed appellant converted to his own use did or did not come into his hands or under his control in the execution of his employment or service, he was not harmed by the instruction under consideration, as the uncontroverted evidence showed that if such money did not so come into his possession or under his control, it came into his possession or under his control under color of such employment or service.

The record showing no reversible error, the judgment is affirmed.