**Ex parte ALTMAN.**

**No. 14428–Y.**

District Court, S. D. California, Central Division.

July 17, 1940.

Clyde Thomas, of Los Angeles, Cal., for petitioner.

Wm. Fleet Palmer, U. S. Atty., and Ralph E. Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for the Government.

YANKWICH, District Judge.

Jack Altman, the defendant, seeks by writ of habeas corpus to secure his release from custody on a warrant of removal ordering him removed for trial to the Eastern District of Michigan. He asserts that the warrant was illegally issued, because the indictment on which it was predicated is not a valid, subsisting indictment, as it has been dismissed, as to him, by the Court in which it was returned.

The indictment was returned on December 18, 1936, in the Eastern District of Michigan. On January 18, 1937, the defendant was ordered removed from Los Angeles. On January 26, 1937, the case was set for trial and Altman notified to appear. On January 27, 1937, the cause was dismissed by the Court in an order which read as follows: "This cause having been regularly placed upon the present term calender for trial and coming on for hearing on this day pursuant to notice, thereupon the court does now here order that this cause be and the same is hereby dismissed as to any further proceedings herein as to defendant Jack Altman, for want of prosecution".

On April 13, 1939, the Court set aside the order of January 27, 1937, in an order which, because of its importance, is here set forth in full:

"United States of America
In the District Court for the Eastern
District of Michigan
Southern Division

In the Matter of the
United States of America ⎱ No. 24041
vs Jack Altman ⎰

"At a session of said Court held in the Federal Building in the City of Detroit, in said District, on April 13, 1939.

108

"Present: Hon. Arthur F. Lederle, District Judge.

"In the above entitled cause there having been pending since February 17, 1937, the motion of the United States of America that an order be entered vacating and setting aside the order entered January 27, 1937, 'dismissing said cause as to any further proceedings herein as to Jack Altman', and that such order to be entered reinstate the indictment as to defendant Jack Altman; and the Court on its own motion having set said motion to vacate and reinstate down for hearing and given due, proper and reasonable notice of such hearing to all parties, including the attorney for said defendant Jack Altman; upon this date, April 13, 1939, being the date set for such hearing, the United States of America having appeared and presented its motion, and no one appearing in behalf of the said defendant, upon due consideration thereof,

"It is ordered that said motion be, and the same is, hereby, granted; that said order entered January 27, 1937, dismissing said indictment be, and the same is, hereby vacated and set aside; that said indictment be reinstated as to said defendant Jack Altman, and that the trial of said Jack Altman and the other remaining defendants, Adam Szymanski and Levan Rice, be set for May 9, 1939, at 9:30 A. M.

"(Signed)    Arthur F. Lederle
                        "District Judge"

■ The right to enter a nolle prosequi or to dismiss a prosecution in federal courts lies exclusively with the United States Attorney. 16 C.J. 437, 438; United States v. Woody, D.C.Mont., 1924, 2 F.2d 262; Confiscation Cases, 1868, 7 Wall. 454, 457, 19 L.Ed. 196. But it is not questioned that the Court, in the exercise of its jurisdiction, has the inherent power to order a dismissal for failure to prosecute. As said by Mr. Justice Frankfurter in Nardone v. United States, 1939, 308 U.S. 338, 341, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307: "Dispatch in the trial of criminal causes is essential in bringing crime to book. * * The civilized conduct of criminal trials cannot be confined within mechanical rules. It necessarily demands the authority of limited direction entrusted to the judge presiding in federal trials, including a well-established range of judicial discretion, subject to appropriate review on appeal, in ruling upon preliminary questions of fact.

Such a system as ours must, within the limits here indicated, rely on the learning, good sense, fairness and courage of federal trial judges."

We can conceive the anarchy which would result if the power to terminate a criminal proceeding for want of prosecution did not exist. Defendants might have prosecutions hang over their heads, like the sword of Damocles, for years, without an effort being made to bring them to trial. And yet, if the prosecutor should refuse to try them, and the court acquiesce, they would be at his mercy. The constitutional guaranty of speedy trial (United States Constitution, Amendment VI) would be brought to nought, if, when the court set a cause for trial and the prosecutor was not prepared to proceed, the Court were powerless to dismiss it for failure to proceed diligently.

To these considerations are traceable certain statutory provisions which make criminal trials within a certain time obligatory under penalty of discharge. See: 16 C.J. 257; United States v. Cadarr, 1905, 197 U.S. 475, 482, 25 S.Ct. 487, 49 L.Ed. 842, 3 Ann.Cas. 1057.

■ The record here shows definitely that the dismissal was for "want of prosecution". We have no right to inquire, in this proceeding, whether there was or was not warrant for this action by the Court. Ultimately, both as to the existence of the condition and as to the subsequent action of the Court in finding that such condition did not actually exist, and vacating its own order, we must accept the Court's own finding. For, it is fundamental that a court, having power to act, has the power to undo its own act, unless the act has acquired a finality which is beyond the court's reach.

■ It is the rule, of course, that the court cannot modify its final judgment after the expiration of the term. United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Dillon v. United States, 1928, 9 Cir., 29 F.2d 246; Berman v. United States, 1937, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204. But the order of dismissal was neither a judgment nor was it final. A dismissal or nolle prosequi does not work an acquittal. Dealy v. United States, 1894, 152 U.S. 539, 543, 14 S.Ct. 680, 38 L.Ed. 545; Meyers v. United States, 3 Cir., 1929, 36 F.2d 859, 861; Cochran v. United States, 8 Cir., 1930, 41 F.2d 193, 207; Miller v. United States, 9 Cir., 1931, 47 F.2d 120.

Or bar a second prosecution for the same offense. Wolff v. United States, 1 Cir., 1924, 299 F. 90. It does not constitute jeopardy. United States v. Percansky, D.C. Minn., 1923, 298 F. 991. Nor is it an appealable order. Lewis v. United States, 1910, 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637.

 Even without indulging in the presumption of legality which attaches to the order of a Judge of the United States District Court of another District, we have, in the order of April 13, 1939, signed by the Honorable Arthur F. Lederle, District Judge of the Eastern District of Michigan, all of the elements of legality. The order recited that motion to set aside the order of January 27, 1927, "had been pending since February 17, 1937," that the hearing of the motion was set by the Court, itself, after there had been "given due, proper and reasonable notice of such hearing, to all parties, including the attorney for said defendant Jack Altman", at which time the matter was heard, the defendant not appearing. There is also a notice of hearing for May 1, 1937, addressed to the defendant and his counsel. There is no showing in the record that on February 17, 1937, or on May 1, 1937, the term had expired. If the motion was made within the term, the right to determine it after the term is undisputed. Ex parte Lange, 1873, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872; Bassett v. United States, 1869, 9 Wall 38, 19 L.Ed. 548; Bronson v. Schulten, 1881, 104 U.S. 410, 26 L.Ed. 797. More, a judgment of dismissal in a criminal case, if entered by mistake, may be set aside, even after the expiration of the term. 16 C.J. 438. As said by the Supreme Court of California in People v. Curtis, 1896, 113 Cal. 68, 45 P. 180, 181, involving the dismissal of a criminal indictment through a mistake of the Clerk: "The power of a court to cause its records to correctly set forth the orders which it has actually made, as well as to set aside an order which it has made through inadvertence or mistake, is too well established to require argument (Hall v. Polack, 42 Cal. 218; Wiggin v. Superior Court, 68 Cal. 398, 9 P. 646; Crim v. Kessing, 89 Cal. 478, 26 P. 1074 [23 Am.St. Rep. 491]; Kaufman v. Shain [111 Cal. 16], 43 P. 393 [52 Am.St.Rep. 139]); and, if the question of mistake or inadvertence is disputed, the decision of the judge upon any controverted fact is not open to review."

The upshot of the matter is this: The procedure on removal does not stem from the Constitution. It is wholly statutory. It does not involve the right to a hearing before trial. The existence of an indictment satisfies the constitutional guaranties of the Fifth and Sixth Amendments of the Constitution of the United States. See United States ex rel. Kassin v. Mulligan, 1935, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501. Here, the validity of the indictment is not questioned. Its pendency is challenged because of the action of the Judge in first dismissing it for want of prosecution, and then correcting his own error and restoring it to the trial calendar.

The showing here is sufficient to warrant upholding the action of the court in so restoring the indictment.

The writ will be discharged and the defendant will be remanded to the custody of the United States marshal on the warrant of removal.

Exception to the petitioner.