**SCHWARTZ v. UNITED STATES.**

No. 11242.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1947.

Gladys Towles Root, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ernest A. Tolin, Chief Asst. U. S. Atty., and Howard V. Calverley and Homer H. Bell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

This is an appeal from a conviction on both counts of an indictment charging violation of § 197 of the Criminal Code.[1]

In Count I appellant and a co-defendant, Wilson, were charged with felonious assault with intent to rob a custodian of the United States mails, one Howry. In Count II appellant and Wilson were charged with feloniously robbing Howry and with putting Howry's life in jeopardy by the use of pistols in effecting and attempting to effect said robbery. Both offenses are alleged to have taken place "on or about March 31, 1945" at Saltdale, California.

[1] 18 U.S.C.A. § 320, Cr.Code § 197.

Another indictment, not here involved, was returned at the same time, charging appellant, Wilson and one Henderson with a similar offense at the same place on April 22, 1945.

The evidence disclosed that for several Saturdays preceding March 31st appellant and Wilson planned and rehearsed the offense charged, following in an automobile a United States mail truck on its regular route near Saltdale, California. They parked at a prearranged place and carried out their rehearsed roles. Wilson, approximately 60 feet away, saw the mail truck stop and the driver get out and walk toward a shack. Wilson saw appellant, who was masked and carrying a loaded revolver, walk around the shack and Wilson then saw the mail driver turn and hold up his hands. Appellant had previously told Wilson: "When the driver gets out * * * I will * * * hold him up." Wilson testified: "As soon as Schwartz covered the driver, I * * * ran up to Schwartz." Wilson then ordered a soldier, riding in the cab of the truck, to step down, telling the soldier "it was a stick-up." Appellant then told the driver and the soldier to get in the back of the truck and after they had obeyed, Wilson, accompanied by appellant, drove the mail truck to a prearranged place. Appellant and Wilson then taped the eyes of the driver and the soldier and led them away from the truck. Appellant and Wilson thereupon rifled the mail sacks, taking some $3200 with them. They then took the driver and the soldier back to the truck, tied their hands and feet and wrapped some mail bags around the soldier to prevent his getting too cold. Appellant and Wilson then returned to Los Angeles.

The trial court had previously denied a motion to consolidate for trial the indictment involved here and the indictment relating to a similar offense committed three weeks later, naming appellant, Wilson and Henderson as co-defendants.

Henderson testified as to a conversation he had with appellant during the second robbery. The trial court ruled that only those portions of his conversation with appellant which related to the first crime (the offense involved here) would be admitted.

Henderson then testified that appellant told him several incidents which had occurred during the "first job" and that appellant pointed out various locations as they drove along, such as, "this is where we drove the truck off the time before," etc. Henderson also testified that appellant told him that on "the last job they got around $3500."

Howry, the driver of the mail truck, testified that after he got out of the truck, a masked man came toward him with a pistol and said: "This is a stick-up—turn around." The remainder of his testimony corroborated that of Wilson, as did the testimony of the soldier, Lemucchi, who was riding in the mail truck.

There was also testimony given by two postal inspectors who interviewed appellant in jail following the robbery, that appellant, after being warned he need not make any statement, freely and voluntarily said: "You seem to know the entire story. What is there that I can tell you that you don't already know?" Later, after being told of the loss suffered by the theft of checks from the mail truck, appellant said: "I can assure you that the checks are no longer in existence. * * * They were burned." Appellant also said at this time "I was led into it," and that he put his hands over his eyes and said "I have ruined my life."

Appellant was found guilty on both counts of the indictment and was sentenced to 25 years imprisonment on Count II. The trial court ruled that the offense charged in Count I merged with that charged in Count II.

The indictment relating to the second robbery on April 22nd was then dismissed.

Appellant assails the judgment against him on four grounds, contending:

1. That there is no evidence to prove the offense charged in Count II of the indictment.

2. The court erred in its instruction on appellant's evidence relating to an alibi sought to be proved by appellant at the trial.

3. The court erred in refusing to instruct that appellant could be found guilty only on one of two counts of the indictment.

720

4. The prejudicial misconduct of the United States Attorney prevented appellant from having a fair trial.

■ 1. As to the first of these contentions, appellant argues that the evidence fails to show any threat or gesture indicating a threat, by appellant and, hence, that there was no assault proven to support the charge of putting in jeopardy the life of Henderson "by the use of dangerous weapons, towit, 2 pistols."

This contention is without merit. The evidence shows that appellant, masked, and with a loaded pistol, told Howry, "This is a stick-up—turn around." Wilson, the co-defendant, saw Howry raise his hands when confronted by appellant, and Wilson testified that he ran forward "as soon as Schwartz *covered* the driver". Appellant cites dictionary definitions of "cover" but we think it clear that men occupied as Wilson and appellant were occupied on March 31, 1945, do not mean "any shelter or defense, natural or artificial" when they speak of one covering another. Drawing all permissible inference from the record and considering the evidence most favorable to the Government (Henderson v. United States, 9 Cir., 143 F.2d 681, 682, it is clear that there is ample evidence to support Count II of the indictment.

■ 2. As to appellant's complaint regarding the instruction on his claim of alibi, it should be sufficient to point out that the instruction was given word for word as submitted by appellant. The portion of the instruction objected to reads as follows:

"If you have a reasonable doubt from the evidence as to whether the defendant was at the place alleged at the time charged in the indictment you must acquit the defendant." The indictment charged the offense to have been committed on or about March 31st.

Appellant contends that because the evidence narrowed the time of the robbery down to some period between the hours of 10:30 p. m. and midnight on March 31st the instruction is erroneous because it refers only to the "time charged in the indictment". In support of this proposition, appellant cites, People v. Morris, 3 Cal.App. 1, 84 P. 463.

The instruction related to appellant's claim of an alibi for the time the crime was shown to have occurred. Appellant testified that he lived at South Gate, California, and was "home" the weekend of March 31st and that he was by himself. He then sought to prove by the testimony of his mother that on March 31st he was at the home of his parents. She testified she "thought" appellant was at her home in Arlington, California, on that date, but she could not say definitely. Appellant's father displayed similar uncertainty, saying only that appellant was "home occasionally on several weekends, but the exact date I do not remember".

Measured by the holding in the case of People v. Morris, 3 Cal.App. 1, 84 P. 463, supra, the instruction may not have sufficiently narrowed the time but appellant asked for it in the exact terms in which it was given and this fact taken in connection with the extremely weak and contradictory evidence relative to alibi renders the failure to narrow the instruction as to time harmless.

■ 3. Appellant's contention that it was error to refuse an instruction that appellant could be found guilty only on one of two counts of the indictment, based on the theory that the offense charged in Count I is necessarily included in Count II, is without merit.

The trial court properly recognized that Count I merged with Count II in passing sentence, which is all that is required. No prejudice can result to appellant from the jury's finding as to guilt on both charges where one is included in the other so long as he is not sentenced on both counts.

The Circuit Court of Appeals for the Seventh Circuit, in Murray v. United States, 10 F.2d 409, 410, certiorari denied 271 U.S. 673, 46 S.Ct. 486, 70 L.Ed. 1144, disposed of a similar contention as being frivolous.

■ 4. Finally, appellant vigorously attacks the conduct of the United States attorney for "his injection into this case of testimony concerning other independent offenses," meaning the testimony of Henderson and the Postal Inspectors containing

references to "the first" and "second" robberies.

At the trial appellant did not attack any action of the United States attorney as unfair nor did he complain of any misconduct.

The testimony of Henderson involved a conversation with appellant during the events on which the April 22nd indictment was based. This conversation related to the March 31st robbery to which appellant referred as the "first job" and similar expressions. The second offense, alleged to be a similar crime committed at the same place as the March 31st robbery, was so interwoven with the first in Henderson's testimony that it was impossible to keep out all reference to the second. In relating conversations it was inevitable that some references to the second offense would be made both in the testimony of Henderson and of the Postal Inspectors who investigated both offenses. Such evidence as was given relating to a separate offense was both relevant and competent. It corroborates the testimony of Wilson and Howry as to the execution of the March 31st robbery and shows prior contradictory statements of appellant refuting his testimony that he was at home on the night of March 31st. Otherwise relevant evidence is not made inadmissible because it tends to prove another distinct offense. Miller v. United States, 9 Cir., 47 F.2d 120, 122; United States v. Rubenstein, 2 Cir., 151 F.2d 915, 918, certiorari denied 326 U.S. 766, 66 S.Ct. 168. And when the evidence relating to the other offenses tends to show a general scheme or plan to violate the law (cf. Henderson v. United States, 9 Cir., 143 F.2d, 681, 683) or where it has a "natural tendency to corroborate or supplement admitted direct evidence" an exception is made to the general rule excluding evidence of other offenses. Haas v. United States, 9 Cir., 31 F.2d, 13, 15, certiorari denied 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003.

Evidence of other offenses is also admissible under another exception to the general rule of exclusion when that evidence "directly tends to prove the crime charged in the indictment, or when a complete account of the offense charged and the defendant's connection therewith cannot be given, without disclosing the particulars of such other acts, or when it is so connected and intermingled with the crime charged as to form one entire transaction, and proof of one involves proof of the other." Johnston v. United States, 9 Cir., 22 F.2d 1, 5, certiorari denied 276 U.S. 637, 48 S.Ct. 421, 72 L.Ed. 745. The trial court, out of an abundance of caution, was scrupulously careful to warn the jury not to consider any references to the second offense. We fail to discover any attempt by the United States attorney, deliberate or otherwise, to evade this ruling of the court or to elicit intentionally references to other offenses.

Various remarks taken from the United States attorney's arguments to the jury are cited as misconduct and our attention is called to the case of Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. The actions complained of in the Berger case, supra, and the conduct complained of here differ so widely as to at once demonstrate the utter lack of merit in appellant's charge.

Judgment affirmed.