## UNITED STATES v. KOEN.

### Cr. No. 2756.

United States District Court
E. D. Missouri, Southeastern Division.

Dec. 2, 1949.

Drake Watson, United States Attorney, of New London, Mo., and David M. Robinson, Assistant United States Attorney, of St. Louis, Mo., for plaintiff.

W. J. Chiapella, of Memphis, Tenn., for defendant.

HULEN, District Judge.

Paragraph 4 of defendant's motion for new trial complains that the Court erred in submitting to the jury Count 3 of the indictment because the Court had "previously acquitted" the defendant on Count 3.

The indictment was in three counts. Count 1 charged the possession of one counterfeit note of face value of twenty dollars, numbered 137977838A. Count 2 charged the passing of a counterfeit note to Excel C. Fox and by reference described the note identified in Count 1. Count 3 charged possession of three counterfeit notes of the same serial number as the counterfeit note described in Count 1. At the close of the Government's case, because the notes in Counts 1 and 3 bore the same serial number the Court erroneously stated that motion to dismiss was sustained as to Count 3 and overruled as to Counts 1 and 2. This left Counts 1 and 2 remaining and Count 1 described by number an identical note as is described in Count 3. It was the Court's purpose to dismiss the possession charge with reference to the Fox transaction described in Count 2 because of lack of identification of the note received by Fox. This was Count 1. When the Court's attention was called to its error in dismissing Count 3 instead of Count 1, the Court had the record corrected to show that the dismissal was of Count 1 instead of Count 3. Counts 1 and 3 describe the same notes by numbers.

Prior to the correction being made the matter was discussed at the bench with counsel, the Court stated what would be done to correct the error, and the correction was made as indicated, all without objection. After the correction was made defendant proceeded with the trial on Count 3, as the record was corrected, and offered evidence. Showing that the defendant thoroughly understood the status of the record after the correction of the

590

error, we find the first question asked by defendant's counsel of defendant following the correction was: "In reference, Charles, to count three, this indictment has charged * * *." At the end of all the evidence defendant's counsel moved for dismissal as to Counts 2 and 3 and the motion was sustained as to Count 2, leaving Count 3 for submission to the jury, the Court's order being, motion "overruled as to Count 3".

Defendant's counsel did not have any written requested instructions to submit but made a number of oral requests. Bearing on the assignment of the motion for new trial the following took place:

"The Court: * * * I want your instructions, if you have any requests, now.

"Mr. Cheapella: Write them out and give to the Court?

"The Court: Yes, supposed to be submitted in writing and a copy given to the District Attorney. What do you want me to instruct on? I will give a general instruction.

"Mr. Cheapella: Now, that the jury understand we are trying, if the Court would cover this, that third count only?

"The Court: Oh, yes, I will tell them."

■■■ Defendant does not claim he suffered any injustice by the Court's action, or that he was misled in any way. A judgment of dismissal in a criminal case, if entered by mistake, may be set aside, even after expiration of the term. Ex parte Altman, D.C.S.D.Cal.1940, 34 F.Supp. 106. A record reciting dismissal of a certain count, as a result of mere clerical error, may be corrected to show what was intended. A case where the record erroneously recited that Count 2 was dismissed, and where the trial judge charged, without exception, that Count 3 had been dismissed and other counts stood, the record was self-correcting so as to sustain conviction under Count 2. See Rupinski v. United States, 6 Cir., 1925, 4 F.2d 17. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. No sub-

stantial right of defendant was affected. Defendant does not so charge.

We have examined the other assignments contained in the defendant's motion for new trial and in our opinion they are without support in the record.