**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Flavis PIERCE, Defendant-Appellant.**

**No. 73–1271.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 27, 1973.

Decided Feb. 12, 1974.

J. Kimbrough Johnson (Court Appointed), Memphis, Tenn., for defendant-appellant.

J. Richard Buchignani, Asst. U. S. Atty., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., Larry E. Parrish, Asst. U. S. Atty., W. D. Tenn., Memphis, Tenn., on brief.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge, and JOINER, District Judge.

PER CURIAM.

Flavis Pierce was convicted on two counts of selling heroin in violation of Title 21, U.S.C. Section 841(a)(1), and 18 U.S.C. Section 2. He was sentenced to imprisonment for five years.

A police officer testified appellant had sold him a substance which was afterward identified as heroin. Contrary to appellant's vigorous argument, there was clearly substantial evidence to submit to the jury for their determination of the facts.

Appellant argued that it was reversible error to admit evidence of Nancy George who had testified that she had aided him in conducting a sale of drugs. This claim of error is based on the ground that evidence of prior criminal conduct is inadmissible because of its tendency to prejudice the jury and to deprive the accused of a fair trial on the specific charge against him.

Nancy George testified that she had known appellant for about a year; that they had lived in the same house at one time; that she had seen him dealing in drugs; that he had employed her to deal in drugs for him; that she had sold such drugs, consisting of two "ten-dollar bags;" that she had seen him selling drugs on more than one occasion, and that he had given her barbiturates for selling the drugs for him.

Appellant was charged with knowingly selling drugs. We are of the view that the evidence of Nancy George did not constitute prejudicial reversible error.

" 'Where intent and knowledge are essential elements of the crime for which a defendant is being tried, evidence of other transactions, even though criminal in nature, is admissible if the transactions are so connected with the offense charged that they serve to show a general pattern and to prove the necessary criminal intent or guilty knowledge. Schmeller v. United States, 6 Cir., 143 F.2d 544, 551; Richardson v. United States, 6 Cir., 150 F.2d 58, 63; Henderson v. United States, 9 Cir., 143 F.

2d 681, 683.' Kowalchuk v. United States, 176 F.2d 873, 878 (6th Cir. 1949)." United States v. Clark, 437 F.2d 942 (6th Cir. 1971).

The judgment of the District Court is affirmed.