The foregoing constitutes my findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

**UNITED STATES of America, Plaintiff,**

v.

**James H. RIPPON, Defendant.**

**No. 81–20043.**

United States District Court,
C. D. Illinois,
Danville Division.

April 16, 1982.

Warren White, Asst. U. S. Atty., Danville, Ill., for plaintiff.

Everett Laury, Court appointed counsel, Danville, Ill., for defendant.

## AMENDED ORDER

BAKER, District Judge.

The defendant was indicted on December 7, 1981, and charged with violating 18 U.S.C. § 654. The defendant has moved to dismiss the indictment for failure to state facts sufficient to support the charged violation.

■ The indictment charges the defendant with violating 18 U.S.C. § 654, and makes the following pertinent allegations:

James H. Rippon was a Nursing Assistant, who, by means of exploitation, wrongfully caused James H. Baylous to make gifts of money to him, wrongfully caused James H. Baylous to make loans of money to him which he reasonably knew he could not and would not repay, wrongfully caused James H. Baylous to sign blank checks, and wrongfully signed and forged the signature of James H. Baylous on checks....

The issue presented is: do these facts come within the purview of 18 U.S.C. § 654?

In pertinent part, section 654 provides:

Whoever, being an officer or employee of the United States or of any department or agency thereof, embezzles or wrongfully converts to his own use the money or property of another which comes into his possession or under his control in the execution of such office or employment, or under color or claim of authority as such officer or employee, shall be fined not more than the value of the money and property thus embezzled or converted....

Thus, an indictment under 18 U.S.C. § 654 must allege facts to support the following propositions: (1) the defendant is an officer or employee of the United States or an agency of the United States; (2) the accused embezzled or wrongfully converted the money or property of another; and (3) the money or property came into the accused's possession in the execution of his employment, or under color or claim of authority as such employee.

■ The facts averred in the indictment do not support the third necessary proposi-

tion. The cases decided under 18 U.S.C. § 654, and under the similarly worded 18 U.S.C. § 1711, indicate that an employee must gain possession of the converted property either while properly performing his employment or while pretending to carry out the duties of his employment. *Satterfield v. United States*, 249 F.2d 608 (6th Cir. 1957); *Henderson v. United States*, 143 F.2d 681 (9th Cir. 1944); *Hoback v. United States*, 296 F. 5 (4th Cir. 1924); *see also Neill v. United States*, 41 F.2d 173 (5th Cir. 1930) (violation of 18 U.S.C. § 355, currently 18 U.S.C. § 1711); *cf. Moore v. United States*, 160 U.S. 268, 274, 16 S.Ct. 294, 296, 40 L.Ed. 422 (1895) (violation of the Act of March 3, 1875, ch. 144, 18 Stat. 479).

The defendant in *Satterfield* challenged his conviction under 18 U.S.C. § 654 on the ground that the evidence failed to support the conviction. The evidence indicated that, while assigned the duty of distributing mail from the cashier's office of the Internal Revenue Service, the defendant took money from one of the envelopes that came into his possession in the performance of his duties. In upholding the conviction, the Sixth Circuit concluded that the embezzled money "came into [the defendant's] possession in the execution of his office, or course of employment...." 249 F.2d 608, 609.

In *Henderson*, the defendant was indicted and convicted of embezzling gasoline rationing coupons which belonged to the United States and which came " 'into the possession of said defendant in the regular course of his official duty as Chairman of said War Price and Rationing Board....' " 143 F.2d at 681. On appeal, the defendant argued that no evidence adduced at trial established that the embezzled property came into his possession in the regular course of his official duties. *Id.* In concluding that the evidence supported a finding that the embezzled coupons were those issued to the board, the court said:

Appellant acquired a supply of gasoline coupons in the regular course of his official duty as chairman of the rationing board. While away from the board's office and in suspicious circumstances he had 250 "A" gasoline coupons upon his person, and he transferred them to another.... How did they come into his possession? The inference is reasonable, certainly beyond a warning doubt even to a moral certainty, that they were coupons issued and placed in keeping with the board of which he was the head.

143 F.2d at 682.

In *Neill v. United States*, 41 F.2d 173 (5th Cir. 1930), the defendant was convicted of violating 18 U.S.C. § 355.[1] In considering whether the trial court erred in overruling the defendant's demurrer to the indictment, the Fifth Circuit said:

[T]he allegations of each of those counts sufficiently show that such money came into appellant's hands or under his control in the execution or under color of his office, employment, or service; the allegations of each of the counts showing that appellant, while employed and acting as a clerk in the post office at Birmingham, received the money for the purpose of paying for postage due stamps to be placed on mail addressed to the Empire Hotel upon which the required amount had not theretofore been paid. For a post office clerk to be guilty of the offense created by the statute in question, it is not necessary that in getting possession or control of money which he converts to his own use or fails to account for he was executing his employment or service, or complying with a duty thereof if in so doing while acting as such clerk he believed or pretended that he was performing a duty or function of his employment or service, or seemed to be doing so; as in getting possession or control

1. Section 355 provided that:
Whoever, being a postmaster or other person employed in or connected with any branch of the Postal Service, shall ... convert to his own use, ... any money or property coming into his hands or under his control in any manner whatever, in the execution or under color of his office, employment, or service, whether the same shall be the money or property of the United States, or not ... shall be deemed guilty of embezzlement....
18 U.S.C. § 355 (compact ed. 1928 & Supp. to Dec. 5, 1932).

of money while so acting and so believing or pretending, or seeming to be so doing in the course of his employment or service, such clerk's so doing is to be regarded as under color of his employment or service.

41 F.2d at 175.[2]

*Neill, Henderson,* and *Satterfield* all support the conclusion that the phrase "in the execution or under color of his office, employment, or service" includes only (1) the performance of actual employment duties, and (2) the execution of acts under the guise of properly carrying out the duties of employment. The statutory language is not broad enough to encompass all of an employee's actions while at work. Moreover, the decision of the United States Supreme Court in *Moore v. United States,* 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895), indicates that the statutory requirement that the accused be an officer or employee of the United States in turn requires that the embezzled property have come into the accused's possession in the actual or purported discharge of his duties of employment.

In *Moore* the defendant was convicted of violating the Act of March 3, 1875, ch. 144, 18 Stat. 479. The Court concluded that Moore's indictment was insufficient because,

If the words charging the defendant with being an employee of the post office be material, then it is clear . . . that it should be averred that the money embezzled came into his possession by virtue of such employment. Unless this be so, the allegation of employment is meaningless and might even be misleading, since the defendant might be held for property received in a wholly different capacity—such, for instance, as a simple bailee of the government.

160 U.S. at 273, 16 S.Ct. at 296.

■ Congress has amended 18 U.S.C. § 654 several times, and has demonstrated a sensitivity to the decisions of the courts respecting its coverage. *See e.g.,* H.R.Exec. Doc. No. 35, 42d Cong., 3d Sess. (Dec. 10, 1872). Moreover, Congress is well aware of the ancient rule of statutory construction that penal statutes, even if they deal with matters *malum in se,* should be strictly construed.[3] The court will not assume that Congress intended 18 U.S.C. § 654 to extend to all instances in which a government employee wrongfully takes the property of another. It is only when the employee, while carrying out his duties or pretending to do so, takes the property of another that 18 U.S.C. § 654 will apply.

■ Here, the indictment states that the defendant gained possession of money belonging to Baylous by causing Baylous to make gifts and loans, and to sign blank checks, and by forging Baylous' name on checks. None of the charges suggest that the defendant pretended that part of his duties included receiving money from the patients and thereby tricked Baylous. Certainly, the defendant's actual duties did not require handling a patient's funds. It follows that the defendant did not gain money from Baylous in the execution of the defendant's employment or under color of employment within the meaning of the statute.

IT IS THEREFORE ORDERED that the indictment against the defendant be, and hereby is, dismissed. Bond released. Defendant discharged.

---

**2.** *Neill* cited 11 C.J. 1225 (1917), which defines color of authority as "that semblance or presumption of authority sustaining the acts of a public officer which is derived from his apparent title to the office . . . ."

**3.** 3 J. Sutherland, Statutes and Statutory Construction, § 59.03 at 8 (4th ed. 1973) (although the degree of strictness may be less when matters *malum in se* are involved as in 18 U.S.C. § 654).